# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed:  October 6, 2022

```
*  *  *  *  *  *  *  *  *  *  *  *  *
CHI QUACH on behalf of
J.T., a minor,

            Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

            Respondent.
*  *  *  *  *  *  *  *  *  *  *  *  *
```

```
*    UNPUBLISHED
*
*
*
*    No. 16-1258V
*    Special Master Oler
*
*    Attorneys' Fees and Costs
*
*
*
*
```

*Mark T. Sadaka*, Law Offices of Sadaka Associates, LLC, Englewood, NJ, for Petitioner.
*Matthew Murphy*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On October 3, 2016, Chi Quach ("Petitioner") filed a petition for compensation on behalf of her minor child, J.T., pursuant to the National Vaccine Injury Compensation Program[2] alleging that J.T. suffered from systemic lupus erythematosus as a result of the tetanus-diphtheria-acellular pertussis, human papillomavirus, and/or influenza vaccinations she received between October 4, 2013, and November 1, 2013. Pet. at 1. On March 18, 2022, Petitioner filed a motion to dismiss her petition, indicating that J.T. had reached the age of majority and was not interested in pursuing this matter. (ECF No. 94). On the same day, the undersigned issued her decision dismissing the petition for insufficient proof. (ECF No. 95).

On April 20, 2022, Petitioner filed an application for final attorneys' fees and costs. (ECF

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

No. 99). ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $68,717.15, representing $56,593.94 in attorneys' fees and $12,123.21 in attorneys' costs. Fees App. at 4. Pursuant to General Order No. 9, Petitioner states that she has not incurred any costs related to this litigation. Respondent responded to the motion on May 4, 2022, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2. (ECF No. 100). Petitioner filed her reply on May 5, 2022, reiterating her belief that the requested amount of fees and costs is reasonable. (ECF No. 101).

This matter is now ripe for consideration.

## I.      Reasonable Attorneys' Fees and Costs

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Respondent has not contested good faith or reasonable basis in this matter. Additionally, Petitioner filed a report from Dr. Yehuda Shoenfeld wherein he provided an expert opinion linking Petitioner's vaccinations to her condition. This report is sufficient to establish a reasonable basis for the claim. Petitioner is therefore entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### a.   Reasonable Hourly Rates

Petitioner requests the following rates of compensation for her attorney, Mr. Mark Sadaka: $350.00 per hour for work performed in 2015, $362.95 per hour for work performed in 2016, $376.38 per hour for work performed in 2017, $396.00 per hour for work performed in 2018, $405.00 per hour for work performed in 2019, $422.00 per hour for work performed in 2020, $444.00 per hour for work performed in 2021, and $458.00 per hour for work performed in 2022.

These rates are consistent with what Mr. Sadaka has previously been awarded for his Vaccine Program work, and the undersigned finds them to be reasonable herein for work performed in the instant case.

### b.  Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

The overall hours spent on this matter appear to be reasonable. The undersigned has reviewed the billing entries and finds that they adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable, nor has Respondent identified any entries as objectionable. Accordingly, Petitioner is awarded final attorneys' fees in the amount of $56,593.94.

### c.  Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $12,123.21 in attorneys' costs, comprised of acquiring medical records, postage, the Court's filing fee, and work performed by Petitioner's medical expert, Dr. Yehuda Shoenfeld. Fees App. Ex. 2. Petitioner has provided adequate documentation supporting the requested costs and all appear reasonable in the undersigned's experience. Petitioner is therefore awarded final attorneys' costs of $12,123.21.

## II.  Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs is reasonable. The undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $56,593.94 |
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$56,593.94** |
| | |
| Attorneys' Costs Requested | $12,123.21 |
| (Reduction to Costs) | **-** |
| **Total Attorneys' Costs Awarded** | **$12,123.21** |
| | |
| **Total Amount Awarded** | **$68,717.15** |

**Accordingly, the undersigned awards a lump sum in the amount of $68,717.15, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Mr. Mark Sadaka.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

<u>s/ Katherine E. Oler</u>
Katherine E. Oler
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).